IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23-14-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| JUSTIN JOSE ROMO, | |
| Defendant. | |

Defendant Justin Jose Romo moves unopposed to continue all deadlines in this case for a period of thirty (30) days. (Doc. 22.) The case is currently set for trial May 8, 2023. (Doc. 16.)

A district court may grant a continuance and exclude the time period from the calculation of the speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or

1

complex would nonetheless deny counsel the reasonable time necessary for effective preparation. § 3161(h)(7)(B)(i), (ii), (iv). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to § 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Here, counsel was recently substituted due to a late-discovered conflict of originally appointed counsel. (*See* Docs. 18, 19.) Counsel now requires additional time to review discovery, evaluate this case, and discuss with Romo his legal options. (Doc. 22 at 4–5.) A continuance is therefore warranted to prevent a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), and to permit the parties a reasonable time necessary for effective preparation, *id.* § 3161(h)(7)(B)(iv).

Accordingly, IT IS ORDERED that Romo's unopposed motion (Doc. 21) is CONDITIONALLY GRANTED so long as Romo files a written waiver of his speedy trial rights for the requested time period by **April 20, 2023**.

IT IS FURTHER ORDERED that the following trial schedule shall govern:

(1) The deadlines set in the March 15, 2023 Scheduling Order (Doc. 16) are VACATED.

(2) The following schedule shall govern further proceedings in this matter:

- Trial Date[1]:  **June 12, 2023, at 9:00 a.m.**
  Russell Smith Courthouse
  Missoula, Montana

- Motions deadline (including motions in limine): April 27, 2023

- Expert disclosure deadline: April 27, 2023

- Response deadline: May 11, 2023

- Plea agreement deadline: June 1, 2023

- JERS deadline: June 5, 2023

- Jury instructions and trial briefs deadline: June 7, 2023

This schedule must be strictly adhered to by the parties. If no written waiver is received, the original trial schedule, (*see* Doc. 16), shall govern.

IT IS FURTHER ORDERED that the time between May 8, 2023, and June 12, 2023 is excluded from the calculation of the speedy trial deadline pursuant to 18 U.S.C. § 3161(h)(7)(B).

DATED this 13th day of April, 2023.

*[signature]*
Donald W. Molloy, District Judge
United States District Court

---

[1] **Counsel shall appear in chambers a half hour before the scheduled trial.**